UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN FONTAINE,

        Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.
_____/

Case No. 2:15-cv-12881
Chief Judge Gerald E. Rosen
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART
STATE FARM'S MOTION TO DISMISS AS DISCOVERY SANCTION,
OR IN THE ALTERNATIVE, FOR OTHER RELIEF (DE 9)**

**A.**   **Background**

On July 27, 2015, Plaintiff Ryan Fontaine filed this lawsuit against Defendant State Farm in Oakland County Circuit Court, alleging breach of contract and violation of the Uniform Trade Practices Act (UTPA) following an alleged February 11, 2014 break in at the insured property. (DE 1-1.) Defendant removed the case to this Court on the basis of diversity of citizenship.

Defendant has filed an answer and affirmative defenses, as well as amended affirmative defenses. Importantly, among other things, Defendant answers that "the policy was only effective until February 11, 2014, the date it was declared void by State Farm for the reasons set forth in its Affirmative Defenses hereto."

(DE 3 at 2 ¶ 6.) The amended affirmative defenses include an assertion of "concealment or fraud." (DE 5 at 2-3.)

The discovery deadline was originally set for January 11, 2016. (DE 7.) However, it has since been extended to March 11, 2016. (DEs 11 and 15.)

**B.    Instant Motion**

Defendant served discovery requests on October 8, 2015. (DE 9-2 at 2.) On November 16, 2015, Judge Rosen entered a stipulated order compelling discovery, which stated: "Plaintiff will provide *complete answers and responses* to State Farm's October 8, 2015 First Interrogatories and Request for Production of Documents within 14 days of the entry of this Order." (DE 8 (emphasis added).) Also on November 16, 2015, Plaintiff served responses to Interrogatory/Request to Produce Nos. 1-11, which included several objections. (*See* DE 9-2 at 4-10.)

By a letter dated November 24, 2015, defense counsel wrote to Plaintiff's counsel about the adequacy of Plaintiff's answers and responses, specifically Interrogatory No. 1 and Request Nos. 9-11. (DE 9-2 at 12-13.) On November 30, 2015, defense counsel again wrote to Plaintiff's counsel, warning that Defendant "may file a motion for sanctions, including, but not necessarily limited to, a dismissal of the case with prejudice and an award of monetary sanctions and expenses, pursuant to Fed. R. Civ. P. 37(b)." (DE 9-2 at 15.) That same day, Plaintiff's counsel responded that he could not stipulate to a dismissal and believed

2

the responses were sufficient under the Federal Rules of Civil Procedure, and also acknowledged the duty to supplement. (DE 9-2 at 17.)

Currently before the Court is State Farm's December 2, 2015 motion to dismiss as a discovery sanction or, in the alternative, for other relief, which has been referred to me. (DEs 9, 14.) On February 3, 2016, attorneys Trevor M. Salaski and Joseph C. Johnson appeared for oral argument.

### C.  Order

Having considered the issues before the Court, as well as the oral argument of counsel for the parties, and for the reasons stated on the record, which are hereby incorporated into this order by reference, Defendant's motion (DE 9) is **GRANTED IN PART** and **DENIED IN PART**. Specifically:

(1) Defendant's motion is **DENIED** to the extent it sought dismissal of this action with prejudice as a discovery sanction under Fed. R. Civ. P. 37(b)(2)(A)(v). Although Plaintiff waived his right to object by failing to do so within the time set forth in Fed. Rules Civ. P. 33(b)(2) and 34(b)(2)(A), his failure to comply with the Court's November 16, 2015 stipulated order compelling discovery (DE 8) was not willful or in bad faith; rather, I find it was due to a combination of a good faith misunderstanding of the terms of that order, Plaintiff's out-of-state relocation and health issue(s).

(2) Defendant's motion is **GRANTED** to the extent it seeks a complete answer to Interrogatory No. 1, signed by Plaintiff under penalty of perjury. No later than February 26, 2016, Plaintiff **SHALL** supplement his answer to Interrogatory No. 1 in accordance with Fed. R. Civ. P. 33(b). In other words, he must provide a complete answer to each subpart, without objection. Plaintiff's existing objection(s) to Interrogatory No. 1 is(are) **STRICKEN** as waived.

3

(3) Defendant's motion is **GRANTED** to the extent it seeks complete responses to Request Nos. 9-11, as I conclude the tax returns are discoverable under Fed. R. Civ. P. 26, particularly in light of Defendant's "concealment or fraud" affirmative defense. No later than February 26, 2016, Plaintiff **SHALL** either (a) produce his full federal and state income tax returns (including all schedules attached thereto and any amended returns) for the years 2012, 2013 and 2014, (b) provide a signed authorization for Plaintiff's accountant to release the same or (c) provide a signed authorization for the IRS to release these particular federal returns.

(4) However, the parties' various requests for an award of fees and/or costs (*see* DE 9 at 5, 19-20; DE 13 at 22) are **DENIED**. As explained on the record, I find that "other circumstances make an award of expenses unjust[,]" Fed. R. Civ. P. 37(b)(2)(C), among which were (a) the above justifications for denying dismissal as a discovery sanction, (b) the Court's consideration of whether Plaintiff's tax returns were discoverable, (c) Defendant's brief inaccurately represented compliance with E.D. Mich. LR 7.1(a)(2)(A) (*see* DE 9 at 4 ¶ 10), and (d) the fault of both parties having contributed to the need for this motion to be brought before the Court.

(5) Should Plaintiff fail to supplement his answer to Interrogatory No. 1 within the time specified, he will be precluded from pursuing the damages that would be supported by these documents and responses; in other words, he will be prohibited "from supporting or . . . from introducing designated matters in evidence[,]" as the sanction specified in Fed. R. Civ. P. 37(b)(2)(A)(ii).

Finally, I note that this motion was referred for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), likely because it is, in the first instance, a motion to dismiss. However, my determination appears in the form of an order pursuant to 28 U.S.C. § 636(b)(1)(A), because the relief granted is not dispositive.

**IT IS SO ORDERED.**

4

Dated: February 4, 2016

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE